NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

E*HEALTHLINE.COM, INC.,

Plaintiff-Appellant,

v.

PHARMANIAGA BERHAD,

Defendant-Appellee,

and

MODERN INDUSTRIAL INVESTMENT
HOLDING GROUP COMPANY
LIMITED,

Defendant.

Nos. 20-17182
21-15642

D.C. No.
2:18-cv-01069-MCE-EFB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted May 10, 2022
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

E*Healthline.com ("EHL") appeals from the district court's final judgments (1) dismissing its action against defendants Pharmaniaga Berhand ("Pharmaniaga") and Modern Industrial Investment Holding Group Company Ltd. ("Modern") for lack of personal jurisdiction and (2) awarding attorney's fees to Pharmaniaga. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's dismissal of the action. We vacate and remand the award of attorney's fees.

1. We review de novo the district court's determination that it does not have personal jurisdiction over Pharmaniaga, a Malaysian company, and Modern, a Saudi Arabian company. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017). As plaintiff, EHL bears the burden of making a prima facie showing that jurisdiction is proper. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). To comport with federal due process requirements, nonresident defendants must have sufficient minimum contacts with the forum state "such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). We hold that EHL failed to carry its burden.

The defendants' business relationship with EHL, a Delaware corporation headquartered in California, did not generate sufficient minimum contacts with

2

California because the "center of gravity" of their relationship with EHL lay abroad, in Saudi Arabia. *Global Commodities Trading Group, Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1108 (9th Cir. 2020); *see also Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1253–54 (9th Cir. 1980). Further, the defendants' alleged tortious trade secret misappropriation is not sufficient to establish jurisdiction because it did not create a "substantial connection with the forum [s]tate." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Any foreseeable "effects" of the alleged misappropriation were only connected to California by virtue of EHL's residence; the defendants' actions did not implicate the state more broadly. *Id.* at 1124; *c.f. Calder v. Jones*, 465 U.S. 781, 788–89 (1984). Finally, the defendants' other alleged contacts with California—Pharmaniaga's single visit to EHL's offices and Modern's engagement with a California-based consultant—are too "attenuated" to suffice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted); *see also Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1147 (9th Cir. 2017) ("[P]hysical entry that is merely incidental to an out-of-state transaction does not satisfy the constitutional minimum contacts requirement.").

2. We review a district court's award of attorney's fees for abuse of discretion. *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099,

3

1104 (9th Cir. 2007). Here, the district court awarded Pharmaniaga attorney's fees without making factual findings or stating its legal conclusions. *See* Fed. R. Civ. P. 54(d)(2)(C). We therefore vacate the district court's award and remand for further proceedings.

We grant EHL's motion to take judicial notice of documents from Pharmaniaga's related arbitral award enforcement action in the district court (Dkt. Entry No. 21). Each party shall bear its own costs on appeal.

**AFFIRMED in part; VACATED and REMANDED in part.**